UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

WILLIAM McELROY,

                            Plaintiff,

                    -against-

JOEL I. KLEIN, as Chancellor of THE NEW YORK CITY
DEPARTMENT OF EDUCATION, THE NEW YORK
CITY DEPARTMENT OF EDUCATION, and THE CITY
OF NEW YORK,

                          Defendants.
------------------------------------------------------------------x

Docket No.

**COMPLAINT**

## PRELIMINARY STATEMENT

This action seeks redress for serious transgressions of the federal Fair Labor Standards Act and the New York Wages and Hours Law. In a fundamental breach of these statutory obligations, defendants failed to pay plaintiff any wages for his work.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Plaintiff's claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, pursuant to 28 U.S.C. § 1331, because these claims arise under a statute of the United States. Supplemental jurisdiction over claims arising under New York state law are provided under 28 U.S.C. § 1367.

2. Pursuant to § 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), plaintiff has consented in writing to becoming a party to this lawsuit. Plaintiff's written consent to be part of this action is attached hereto and is incorporated by reference.

3. Venue is vested in the Southern District of New York pursuant to 29 U.S.C. §

1391(a), as events giving rise to the claims occurred in this district and defendants reside in this district.

## PARTIES

4.  Plaintiff William McElroy resides in New York, New York and was an employee of the Defendants. His written consent to be part of this action is attached hereto and incorporated by reference.

5.  Defendants Joel I. Klein, as Chancellor of The New York City Department of Education, The New York City Department of Education, and The City of New York were employers of plaintiff William McElroy. Defendants' primary place of business is 52 Chambers Street, Room 320B4, New York, New York 10007.

## STATEMENT OF FACTS

6.  Mr. McElroy accepted an offer of employment by Defendants as a computer and video technician and began working at the New York City Department of Education, Manhattan Regional Operations Center (Regions 9 and 10), at the Wadleigh School (415), on August 30, 2004. Defendants hired, supervised, and controlled him. Plaintiff was offered, and he accepted, an annual salary of $31,000.00.

7.  From August 30, 2004 through November 30, 2004, Plaintiff worked for Defendants but was not paid any wage at all. Plaintiff stopped working on December 1, 2004 because he was not being paid and could no longer afford to go to work. For the period that he worked, Plaintiff is owed wages.

8.  For the period from December 1, 2004 through the present, Plaintiff is owed back wages.

9. Plaintiff fulfilled the requirements for his employment. He was fingerprinted and completed all the necessary documents, as instructed by the Assistant Principal, Ms. Evelyn Collins and a secretary.

10. Defendants' failure to pay Mr. McElroy his wages was willful and in bad faith. Defendants had no reasonable grounds for believing that their failure to pay Plaintiff's wages was consistent with the Fair Labor Standards Act or the New York State Minimum Wages Act.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### VIOLATION OF THE FAIR LABOR STANDARDS ACT

11. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 10 above. Because he was employed as a computer and video technician, Mr. McElroy was employed in an enterprise engaged in commerce within the meaning of the Fair Labor Standards Act ("FLSA").

12. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the FLSA.

13. At all times relevant to this action, Plaintiff was engaged in commerce and/or the production of goods for commerce.

14. Defendants willfully failed to pay Plaintiff at the applicable hourly wage, in violation of 29 U.S.C. § 206(a).

15. Due to Defendants' violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages, an additional equal amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorney's fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

16. Section 6(a) of the FLSA, 29 U.S.C. § 206(a), provides that any employee employed in an enterprise engaged in commerce shall be paid wages at a rate not less than $5.15 per hour.

17. Section 16 of the FLSA, 29 U.S.C. § 216(b), provides that any employer who violates the provisions of 29 U.S.C. §§ 206 or 207 shall be liable to the employee or employees affected in the amount of their unpaid wages and in an additional equal amount as liquidated damages.

18. Since November 22, 2004, Plaintiff has actively sought permanent employment elsewhere but has not been successful. To date, he has only been able to get sporadic, freelance work.

## SECOND CLAIM FOR RELIEF

### NY MINIMUM WAGE

19. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 18 above.

20. At all times relevant to this action, Plaintiff was an employee of Defendants, and Defendants were Plaintiff's employers, as defined by N.Y. Lab. Law §§ 2(5), 2(6), 651(5) and 651(6).

21. At all times relevant to this action, the state minimum wage was $5.15 per hour, as codified by N.Y. Lab. Law § 652(1).

22. Defendants deliberately refused to pay Plaintiff the state minimum wage.

23. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff the minimum wage for the first forty hours of work performed each week, in violation of N.Y. Lab. Law § 592(1).

24. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid regular wages and an additional 25% as liquidated damages, reasonable attorney's fees, and costs of this action, pursuant to N.Y. Lab. Law § 663(1).

### THIRD CLAIM FOR RELIEF

### TIMELY PAYMENT
### N.Y. Labor Law § 191(1)(a)

25. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 24 above.

26. At all relevant times, Plaintiff was an employee of Defendants within the meaning of N.Y. Lab. Law §§ 2(5), 190(2), and 651(5).

27. At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of N.Y. Lab. Law §§ 2(6), 190(3) and 651(6).

28. By failing to pay Plaintiff all owed wages on a weekly basis, Defendants willfully disregarded their obligations to pay wages in a timely manner and no more than seven (7) calendar days after the week in which the wages were earned.

29. Defendants' knowing and deliberate actions constitute a direct violation of N.Y. Lab. Law § 191(1)(a).

30. As a result of the foregoing, Plaintiff has been injured, and Defendants have profited thereby, in an amount to be proven at trial.

### FIFTH CLAIM FOR RELIEF
### BREACH OF CONTRACT

31. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 30 above.

32. Defendants entered into an oral employment contract with Plaintiff that specified

the amount and timing of payment for his work. Plaintiff agreed to Defendants' terms, was hired as an at-will employee, and worked for Defendants for varying periods of time under the terms of the contract.

33. Defendants deliberately and knowingly failed to pay Plaintiff for the hours he worked at the agreed upon rates of pay in excess of state and federal minimum wages.

34. Defendants' knowing and intentional acts constitute a breach of their contracts with Plaintiff.

35. As a result of the foregoing, Plaintiff has been injured, and Defendants have profited thereby, in amounts to be proven at trial.

### SIXTH CLAIM FOR RELIEF
### *QUANTUM MERUIT*

36. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 36 above

37. In the alternative, even if Defendants did not actually contract to pay Plaintiff for his labor, Plaintiff conferred the benefit of his labor to Defendants in good faith and with the expectation of payment, the Defendants accepted the benefit of his work, and Defendants deliberately failed to pay him the money Plaintiff earned for his work.

38. Defendants were unjustly enriched by their deliberate and intentional exploitation of Plaintiff's labor.

39. As a result of the foregoing, Plaintiff has been injured, and Defendants have profited thereby, in an amount to be proven at trial.

**WHEREFORE**, Mr. McElroy demands judgment awarding him:

1. Unpaid wages, plus liquidated damages and/or interest thereon;
2. Reinstatement to his position as a computer and video technician;
3. pre-judgment interest;
4. Reasonable attorney's fees, costs, and expenses pursuant to 29 U.S.C. § 216(b);
5. The costs and disbursements of this action; and,
6. Such other and further relief that the Court deems just and proper.

Dated:  New York, New York
June 8, 2005

By: *Marlen Bodden*
Scott A. Rosenberg, Esq. (SAR 5579)
Marlen S. Bodden, Esq. (MSB 7806)
The Legal Aid Society
199 Water Street
New York, New York 10038-3500
(212) 577-3287

## SECTION 216(b) FAIR LABOR STANDARDS ACT AUTHORIZATION

I, William McElroy, hereby consent to be a plaintiff in this lawsuit pursuant to Section 216(b) of the Federal Fair Labor Standards Act.

Dated: New York, New York
      June 7, 2005

_____
WILLIAM McELROY

Sworn to before me this 7th day of
June, 2005

_____
NOTARY PUBLIC

MARLEN S. BODDEN
Notary Public, State of New York
No. 02BO6075068
Qualified in Kings County
Commission Expires May 27, 2006